# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### March 11, 2003 Session

## JASON CRAIG DeMARCUS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-A-355      Walter C. Kurtz, Judge**

---

**No. M2002-01335-CCA-R3-PC - Filed June 27, 2003**

---

The petitioner appeals the denial of his petition for post-conviction relief from his convictions for attempted first degree murder and three counts of aggravated assault, one of which was merged with the attempted murder conviction. He argues that the trial court did not have jurisdiction to try the juvenile petitioner as an adult and that he received ineffective assistance of trial counsel. Based upon our review, we affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

Thomas L. Whiteside, Atlanta, Georgia, for the appellant, Jason Craig DeMarcus.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret T. Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 8, 1998, a hearing was had on a juvenile delinquency petition filed against the petitioner, Jason Craig DeMarcus, in the Juvenile Court of Davidson County, the State asking that the petitioner be transferred to criminal court for trial as an adult on the charge of attempted second degree murder. Based on the petitioner's age, prior record, and the fact that "[t]he offense with which the respondent [petitioner] is charged is a crime against a person alleged to have been committed in an aggressive and premeditated manner[,]" the juvenile court determined that the petitioner should be transferred to criminal court.

Subsequent to the transfer, the petitioner was convicted of attempted first degree murder and three counts of aggravated assault, one of which was merged with the attempted murder conviction. The petitioner was sentenced to twenty-five years for the attempted murder conviction and two

concurrent four-year terms for the aggravated assault convictions, for an effective sentence of twenty-nine years. His convictions were affirmed by this court on direct appeal. See State v. Jason DeMarcus, No. M1999-01306-CCA-R3-CD, 2000 WL 246427, at *4 (Tenn. Crim. App. Mar. 6, 2000), perm. to appeal denied (Tenn. Nov. 6, 2000).

The petitioner filed a *pro se* petition for post-conviction relief on October 22, 2001, arguing that he had received ineffective assistance of counsel and that his transfer from juvenile court violated his constitutional rights. The petitioner subsequently retained counsel, and an amended petition was filed on December 21, 2001, alleging that his former attorney failed to challenge the criminal court's jurisdiction. Specifically, the petitioner alleged that because he was transferred to criminal court on the charge of attempted second degree murder only, the criminal court did not have subject matter jurisdiction to hear the charges of attempted first degree murder and aggravated assault. The trial court denied the petitioner's petition on April 25, 2002, finding that the criminal court had proper jurisdiction pursuant to Tennessee Code Annotated section 34-1-134 because the petitioner was not acquitted nor was the charge of attempted second degree murder dismissed. The trial court stated:

> Obviously, neither of these circumstances [dismissal or acquittal] occurred in this case. Petitioner was not acquitted of the attempted second degree murder charge. In fact, upon his transfer to criminal court, the grand jury indicted him on a more serious offense for which he was found guilty of at trial. The attempted second degree murder charge was not dismissed. . . . The conviction for attempted first degree murder carries with it the presumption that the jury found all the necessary elements for attempted second degree murder. By finding him guilty of the higher offense the jury also found him guilty of the lesser.

The petitioner filed his notice of appeal on May 24, 2002.

## ANALYSIS

### I. Lack of Jurisdiction

As the juvenile court stated in its order dated January 8, 1998:

> The above named juvenile [petitioner] has been transferred to Criminal Court for trial on previously filed petitions. Under T.C.A. 37-1-134(c), *once a juvenile is transferred to Criminal Court on one offense, any subsequent charges brought against the juvenile are to be filed directly in Criminal Court and the juvenile's arrest, processing and trial are to occur exactly as they would if he or she were an adult*. (emphasis added).

2

Tennessee Code Annotated section 37-1-134(c) provides:

> *The transfer pursuant to subsection (a) terminates jurisdiction of the juvenile court with respect to any and all delinquent acts with which the child may then or thereafter be charged, and the child shall thereafter be dealt with as an adult as to all pending and subsequent criminal charges*; provided, that if a child transferred pursuant to this section is acquitted in criminal court on the charge or charges resulting in such transfer, or if such charge or charges are dismissed in such court, this section shall not apply and the juvenile court shall retain jurisdiction over such child.

Tenn. Code Ann. § 37-1-134 (Supp. 1998) (emphasis added). This language provides that unless the juvenile is acquitted of the charges or the charges are dismissed, the juvenile court has lost all jurisdiction over the juvenile from that point forward. Specifically, the criminal court retains jurisdiction over the juvenile regarding all subsequent charges and the juvenile has adult status for any and all subsequent proceedings.

In the present case, the charge of attempted second degree murder was not dismissed by the prosecution or the trial judge, and the jury did not acquit the petitioner of such a charge. In fact, the jury found the petitioner guilty of a higher charge – attempted first degree murder – which by implication ensures that the petitioner is guilty of at least those elements for the lesser offenses of attempted second degree murder and aggravated assault. Moreover, the juvenile court found, prior to transferring the petitioner, that the nature of the offense was "a crime against a person alleged to have been committed in an aggressive and premeditated manner." The juvenile court's finding that the nature of the crimes surrounding this specific incident was premeditated indicates that, had the case been remanded to juvenile court, it would have likely found the charge of attempted first degree murder also a sufficient basis for transferring the petitioner to criminal court. As such, the juvenile court's findings show that, due to the nature of the offenses in question, the age of the petitioner, and his prior record, this was a matter for the criminal court, regardless as to the charge(s) on the indictment. Accordingly, the criminal court's jurisdiction was proper.

This conclusion also complies with the Tennessee Supreme Court's interpretation of Tennessee Code Annotated section 37-1-134(c). In State v. Darden, 12 S.W.3d 455, 456 (Tenn. 2000), the defendant was originally charged with first degree murder. Upon his transfer to criminal court, the defendant was also indicted on charges of felony murder, civil rights intimidation, and attempted aggravated kidnapping. Id. at 457. There, like here, the defendant asserted that the criminal court lacked jurisdiction over the subsequent charges because they were not the basis for the juvenile court's transfer. Id. The Darden court found jurisdiction and noted that the subsequent charges were "appropriately characterized under the transfer statute [Tenn. Code Ann. § 37-1-134] as 'subsequent criminal charges.'" Id. at 458. Based on Darden, it is evident that the subsequent charges of attempted first degree murder and aggravated assault were "subsequent criminal charges"

3

under Tennessee Code Annotated section 37-4-134 and that the criminal court retained proper jurisdiction over the petitioner.

## II. Ineffective Assistance of Counsel

To determine the competence of counsel, Tennessee courts have applied standards developed in federal case law. See State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The United States Supreme Court articulated the standard in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), which is widely accepted as the appropriate standard for all claims of a convicted petitioner that counsel's assistance was defective.

The Strickland standard has a two-prong test. "First, the defendant must show that counsel's performance was deficient." Id. at 687, 104 S. Ct. at 2064. The Strickland Court explained the meaning of "deficient performance" as unreasonable considering all the circumstances. Id. at 688-89, 104 S. Ct. at 2065. Therefore, the petitioner must establish "that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (citing Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996)). Second, the defendant must show that counsel's performance was so deficient that it prejudiced the defense. Specifically, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; see also Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994) (concluding that petitioner failed to establish that "there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different").

Courts need not approach the Strickland test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697, 104 S. Ct. at 2069; see also Goad, 938 S.W.2d at 370 (stating that "failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim"). Additionally, Tennessee statutory law provides that the petitioner bears the burden of proving the allegations of fact by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997). We also note that when post-conviction proceedings have included a full evidentiary hearing, as was true in this case, the trial judge's findings of fact and conclusions of law are given the effect and weight of a jury verdict, and this court is "bound by the trial judge's findings of fact unless we conclude that the evidence contained in the record preponderates against the judgment entered in the cause." Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

As previously demonstrated, the jurisdiction of the criminal court was valid. Therefore, the petitioner cannot establish that his counsel's performance was deficient and ultimately prejudiced his case under Strickland, because his counsel's failure to assert a lack of jurisdiction at the trial or appellate level did not fall below an objective standard of reasonableness under prevailing

4

professional norms.  As such, the petitioner could not have been denied effective assistance of counsel based on this argument.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE